IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LYDIA E. SIERRA-ROSSY,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 18-1295 (MEL)

**OPINION AND ORDER**

On May 7, 2019, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 23. On August 8, 2019, the court awarded attorney's fees pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 25. On May 26, 2021, that is more than two years after judgment was entered, plaintiff filed a petition for attorney's fees pursuant to Title 42, United States Code, Section 406(b)(1). ECF No. 26.

The concern in the matter presently before the court is one of timeliness, not of filing petitions under both EAJA and Section 406(b). In EAJA petitions, the "court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 24 U.S.C. § 2412(d)(1)(A). "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate….'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Under Section 406(b), on the other hand, the court may award a reasonable fee to a prevailing party not in excess of 25% of the past-due benefits to which the claimant is entitled. "The fee is payable 'out of, and not in addition to, the

amount of [the] past-due benefits.' Because benefit amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits." Id. "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Id.

The issue of when a petition for attorney's fees under Section 406(b) must be filed is not as straightforward as it may appear at first glance. However, I find persuasive the view of the Second, Third, Fifth and Eleventh Circuit Courts, that a petition for attorney's fees under Section 406(b) must be filed within fourteen (14) days of counsel receiving notice of the benefits award. In other words, Federal Rule of Civil Procedure 54(d)(2)(B)'s filing deadline is tolled until the Commissioner of Social Security issues the notice of award and the attorney is notified of the same. The Second Circuit discussed this matter at length:

> The issue raised on this appeal is whether Fed. R. Civ. P. 54 can sensibly be applied to § 406(b) attorney's fee applications in such circumstances… Rule 54 requires a motion for attorney's fees to be made within fourteen days of "judgment," defined to include "any order from which an appeal lies." Fed. R. Civ. P. 54(a), (d)(2)(B)(i). A "sentence four" remand is a final and appealable judgment. See Forney v. Apfel, 524 U.S. 266, 270–71, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998) (holding sentence four remand appealable by either party); accord Mead v. Reliastar Life Ins. Co., 768 F.3d 102, 115 (2d Cir. 2014) (observing that appealability of sentence four remand is exception to "generally accepted rule that remand orders are interlocutory"). As such, it is presumptively subject to the fourteen-day filing limitation of Rule 54(d)(2)(B). Cf. Shalala v. Schaefer, 509 U.S. 292, 296–97, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding sentence four remand is "judgment" triggering limitations period for attorney's fee motion under Equal Access to Justice Act, 28 U.S.C. § 2412). Nevertheless, a practical problem arises with filing a motion within that time: the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406(b) caps attorney's fees at 25% of the benefits award. Thus, where a sentence four judgment orders remand, Rule 54(d)(2)(B) may present "a deadline that cannot be met" within fourteen days of that judgment. Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010).
>
> In addressing this dilemma, our sister circuits have not agreed on a solution. The Tenth Circuit eschews the application of Rule 54 in this context. See McGraw v. Barnhart, 450 F.3d at 504. Instead, it derives a "reasonableness" standard from

2

language in Fed. R. Civ. P. 60 permitting a court to relieve a party from a "final judgment, order, or proceeding" for "any [ ] reason that justifies relief" upon a motion "made within a reasonable time." Fed. R. Civ. P. 60(b)(6), (c)(1). The Tenth Circuit explains that Rule 60's "grand reservoir of equitable power to do justice" provides the "best option" for addressing the practicalities of sentence four judgments ordering remand and, thus, it holds that a motion for attorney's fees pursuant to § 406(b) is timely if filed "within a reasonable time of the Commissioner's decision awarding benefits." McGraw v. Barnhart, 450 F.3d at 504–05 (internal quotation marks omitted).

By contrast, the Third Circuit concludes that Rule 54 applies to § 406(b) applications following sentence four remands. It observes that there is "little support" in law for using Rule 60 to determine the timeliness of such applications. Walker v. Astrue, 593 F.3d at 279. Indeed, such reliance appears to "conflict[ ] in principle with Supreme Court jurisprudence that instructs that a post-judgment motion for attorney fees is not properly asserted as a motion to amend or alter judgment." Id. (citing White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (holding attorney's fees request inappropriate under Fed. R. Civ. P. 59(e))). Mindful nevertheless that a rigid application of Rule 54 to § 406(b) applications following sentence four remand judgments can produce "injustice," the Third Circuit avoids that concern by tolling the rule's filing deadline "until the notice of award is issued by the Commissioner" on remand, "and counsel is notified of that award." Id. at 280. In short, once a successful claimant receives notice of the Commissioner's award on remand, he would have the fourteen days afforded by Rule 54(d)(2)(B) to file a § 406(b) motion for attorney's fees. The Eleventh and Fifth Circuits had earlier reached similar conclusions about the application of Rule 54 to § 406(b). See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273,1277 & n.1 (11th Cir. 2006); Pierce v. Barnhart, 440 F.3d 657, 663–64 (5th Cir. 2006).

With due consideration to the views of our sister circuits, we conclude, largely for the reasons stated by the Third Circuit, that Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions. The tolling of that rule, rather than the application of Rule 60(b)(6), best resolves the practical concerns that can arise when a district court judgment reverses a denial of social security benefits and remands the case to the agency for further proceedings. This comports with our own precedent, which recognizes that "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." González v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (internal quotation marks omitted) (tolling statute of limitations while plaintiff exhausts administrative remedies); see generally Nutraceutical Corp. v. Lambert, ––– U.S. ––––, 139 S. Ct. 710, 714, 203 L.Ed.2d 43 (2019) (recognizing that time limitation in Federal Rule of Civil or Appellate Procedure may be tolled when, as here, "pertinent rule or rules invoked" do not show "clear intent to preclude tolling"). That principle sensibly applies to Rule 54(d)(2)(B)'s limitations period because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-

3

> yet-unknown benefits award. Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.

Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019).

According to the pending motion for fees under Section 406(b), "[c]laimant received a Notice of Award (NOA) dated February 1, 2021, but it was not notified to us until April 2, 2021, when it was faxed to our office by Thea Davis, from the Social Security Administration." ECF No. 26 at 2. This motion for attorney's fees has been filed more than a month after the notice of award was notified to counsel. Therefore, the motion for attorney's fees pursuant to Title 46, United States Code, Section 406(b) is DENIED on untimeliness grounds.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2021.

s/Marcos E. López  
U.S. Magistrate Judge
